**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **GILBERTO SANCHEZ,** | ) |
| **Reg. No. 17224-002,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 2:20-cv-1073-RAH-CWB** |
| | )               **(WO)** |
| **JEFFERY KELLER, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.    Background

Plaintiff is a federal inmate at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery") who initiated this action under the authority of *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  In his complaint, Plaintiff alleges that the named defendants, all of whom are employees of the Federal Bureau of Prisons ("BOP"),[2] violated his constitutional rights by misapplying the directives of the United States Attorney General when considering his request for release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, § 12003(b)(2) (2020).  (Doc. 1 at pp. 1-4).[3]  Plaintiff specifically claims that the BOP's denial of

---

[1]   A "*Bivens* action" is a judicially-created damages remedy designed to vindicate violations of constitutional rights by persons acting under color of federal law.  *See Bivens*, 403 U.S. at 395-97.

[2]   Plaintiff names the following as defendants: Jefferey Keller (Regional Director, BOP); Hugh Hurwitz (Assistant Director - Reentry Service, BOP); Andre Matevousian (Assistant Director - Reentry Service, BOP); David Brewer (acting Senior Deputy Assistant Director, BOP); Michael Carvajal (Director, BOP); Walter J. Wood, Sr. (former Warden, FPC Montgomery); Barry Briggs (Unit Team Manager, FPC Montgomery); and Denise Rogers (Case Manager Coordinator, FPC Montgomery).

[3]   Document numbers are as designated on the docket by the Clerk of Court.  Pinpoint citations are to the page numbers electronically affixed by the CM/ECF filing system and may not correspond to pagination as presented for filing.

his request violated his rights to due process and equal protection (*Id*. at pp. 1-4, 17-18) and that his continued imprisonment amounts to cruel and unusual punishment (*Id.* at pp. 17-18, 30-31). For relief, Plaintiff seeks unspecified monetary damages, certain injunctive relief, and an order directing the BOP to release him to home confinement.  (*Id.* at pp. 31-32).

The defendants have filed a special report, answer, and supporting evidentiary materials addressing Plaintiff's claims.  (*See* Doc. 20).  According to the defendants, this case should be dismissed because Plaintiff has not exhausted his administrative remedies, *i.e.*, Plaintiff has not completed the BOP's administrative remedy process for federal inmates.  (*Id*. at pp. 2-6; *see also* Doc. 20-1 at pp. 3-5).

After receiving the defendants' special report, the court afforded Plaintiff an opportunity to respond regarding the exhaustion issue.  (Doc. 21).  Plaintiff was expressly cautioned that his response should be supported by sworn affidavits or other appropriate evidentiary materials. (*Id*. at pp. 2-4).  Plaintiff in turn has not disputed the factual averments underlying the defendant's exhaustion argument but instead has asserted that he made a "good faith" effort to exhaust administrative remedies such that the exhaustion requirement should be waived.  (Doc. 25 at pp. 4-5).

In its May 4, 2021 Order, the court notified the parties that "the court may at any time [after expiration of the time for Plaintiff to file a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a dispositive motion and (2) after considering any response …, rule on the motion in accordance with the law."  (Doc. 21 at p. 3).  Pursuant to that disclosure, the court will treat the defendants' special report (Doc. 20) as having presented a motion to dismiss and will recommend that the motion be granted due to Plaintiff's failure to exhaust all available administrative remedies.

## II.      Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Shivers v. United States*, 1 F.4th 924, 935 (11th Cir. 2021).  The Eleventh Circuit has recognized that "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)).  A federal prisoner thus cannot bring a *Bivens* action until he has exhausted his administrative remedies.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under *Bivens* ... must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a [42 U.S.C.] § 1983 suit.").

Evaluating a motion to dismiss for failure to exhaust administrative remedies involves two potential steps:

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true.  If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.  If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles v. Miami-Dade County Corr. and Rehab. Dep't*, 476 F. App'x 364 (11th Cir. 2012) (citations and internal quotations omitted).  If the second step is reached, the district court "may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not

decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Florida Dep't of Corrs.*, 587 F. App'x 531, 535 (11th Cir. 2014).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. And because exhaustion is mandated by statute, a court has no discretion to waive the requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

## III.   Discussion

### A.   Administrative Remedy Process

The BOP has established detailed regulations that set forth the procedures federal inmates must follow before seeking relief from a district court:

- An inmate must first attempt to resolve his complaint informally with prison staff. *See* 28 C.F.R. § 542.13(a).

- If dissatisfied with prison staff's response, the inmate must submit a Request for Administrative Remedy to the warden using a "BP-9" form within 20 days of the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.14(a).

- The warden has 20 days to respond to the inmate's "BP-9." *See* 28 C.F.R. § 542.18.

- If dissatisfied with the warden's response, the inmate must appeal within 20 days to the Regional Director using a "BP-10" form. *See* 28 C.F.R. § 542.15(a).

- The Regional Director has 30 days to respond to the inmate's "BP-10." *See* 28 C.F.R. § 542.18.

- If dissatisfied with the Regional Director's response, the inmate must appeal within 30 days to the Office of the General Counsel ("the Central Office") using a "BP-11" form. *See* 28 C.F.R. § 542.15(a).

- The Central Office must respond to the inmate's "BP-11" within 40 days. *See* 28 C.F.R. § 542.18.

If at any stage of the process the inmate does not receive a response within the allotted time, he may consider the absence of a response to be a denial and proceed to the next level. *See* 28 C.F.R. § 542.18. The administrative remedy process is not completed until the Central Office responds on the merits or until expiration of the time allotted for such a response. (*See* Doc. 20-1 at pp. 2-3).

**B.     Record of Plaintiff's Administrative Remedies**

In a sworn declaration accompanying the defendants' special report, J. Latease Bailey-Close (BOP Supervisory Attorney at the U.S. Penitentiary in Atlanta) avers that she has access to official records maintained by the BOP and is familiar with the administrative remedy process for federal inmates as set forth in BOP Program Statement 1330.18 and 28 C.F.R. part 542, Subpart B. (Doc. 20-1 at pp. 1-3). Bailey-Close further states that she is familiar with the BOP's SENTRY computer system, which contains institutional records tracking the administrative remedies filed by inmates. (*Id*. at p. 3). According to Bailey-Close, Plaintiff's institutional records reflect that he submitted a "BP-9" form, designated as Remedy No. 1039166, on August 10, 2020 but then filed a withdrawal such that the matter was closed on August 12, 2020. (*Id*. at p. 3). Bailey-Close next avers that Plaintiff submitted a second "BP-9" form on September 4, 2020, designated as Remedy No. 1045055, which the warden immediately rejected the same day as being "repetitive to a previous filing." (*Id*. at p. 4). Plaintiff resubmitted the rejected remedy on September 18, 2020, and the resubmission was denied by the warden on September 23, 2020 on grounds that Plaintiff was ineligible for home confinement under the totality of circumstances— including medical-risk factors, his role in and seriousness of the offense, and the time remaining on his federal sentence. (*Id*.).

According to Bailey-Close, Plaintiff submitted a "BP-10" form to the Regional Director on October 8, 2020 to appeal the denial of Remedy No. 1045055; however, after receiving no response from the Regional Director within the allotted time, Plaintiff did not appeal to the next level, *i.e.*, to the Central Office, on a "BP-11" form.  (Doc. 20-1 at p. 4).  Plaintiff has provided no evidence to the contrary as to Remedy No. 1045055.

Bailey-Close acknowledges that Plaintiff did submit a "BP-11" form to the Central Office on March 12, 2021 (after this *Bivens* action was filed), but the referenced "BP-11" purported to assert an appeal in connection with Remedy No. 1039166.  (*Id*. at p. 4).  Because Plaintiff had previously withdrawn Remedy No. 1039166 during August 2020 and did not complete review at the local ("BP-9") and regional ("BP-10") levels, the Central Office rejected the purported appeal as having been filed at "the wrong level."  (*Id*.).

### C.    Failure to Exhaust Administrative Remedy Process

The record is undisputed that Plaintiff failed to complete the administrative remedy process under either Remedy No. 1039166 or Remedy No. 1045055.  With regard to Remedy No. 1039166, the court finds that Plaintiff withdrew that remedy at the local level and later attempted to file a "BP-11" appeal to the Central Office without having completed the "BP-9" and "BP-10" steps. With regard to Remedy No. 1045055, the court finds that Plaintiff has never filed a "BP-11" form asserting an appeal to the Central Office.

To the extent Plaintiff argues that he acted in good faith and should be excused from the exhaustion requirement because the Regional Director did not issue a response to his "BP-10" form under Remedy No. 1045055, the court notes that 28 C.F.R. § 542.18 allows Plaintiff to "consider the absence of a response to be a denial at that level" so as to proceed to the next level.  Stated differently, once Plaintiff had received no response from the Regional Director

within the allotted period of 30 days, he was free to file a "BP-11" form with the Central Office. *See* 28 C.F.R. § 542.18.  Plaintiff did not do so, and the court is not authorized to waive the mandatory exhaustion requirement.  *Alexander*, 159 F.3d at 1325-26.

Because Plaintiff failed to exhaust the BOP's administrative remedy process as set out at 28 C.F.R. §§ 542.10 through -.19, dismissal is warranted under 42 U.S.C. § 1997e(a).  *See Coburn v. Spaulding*, No. 3:20-CV-01389, 2021 WL 3026851 at *7 (M.D. Pa. June 15, 2021) (denying request for placement in home confinement where inmate failed to exhaust); *see also Shivers*, 1 F.4th at 936.  However, because it appears that the administrative remedy process might potentially remain available to Plaintiff, the court deems it appropriate for the dismissal to be entered without prejudice. *See Bryant,* 530 F.3d at 1374-75 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

## IV.    Conclusion

Accordingly, the Magistrate Judge hereby **RECOMMENDS** as follows:

1.    that the defendants' construed motion to dismiss (Doc. 20) be granted for failure to exhaust the BOP's administrative remedy process; and

2.    that Plaintiff's *Bivens* action be dismissed pursuant to 42 U.S.C. § 1997e(a) without prejudice.[4]

---

[4] "[A]n exhaustion defense ... should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."  *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted); *Trias*, 587 F. App'x at 534 (holding that district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

It is **ORDERED** that any objections to this Recommendation must be filed by **February 9, 2024**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). An objecting party also must identify any claim or defense that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 26th day of January 2024.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**